UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELONIE MONTOUTE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-01369 |
| | § | |
| SENIOR PSYCHCARE / MEDIPSYCH, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court previously granted Plaintiff Melonie Montoute's ("Montoute") Motion for Extension of Time to Relocate Defendant Senior Psychcare/Medipsych ("Psychcare") ("Motion"), Docs. 3 & 8. The Court previously notified Montoute that if she did not serve Psychcare 90 days from November 10, 2017, the Court would dismiss her case for lack of service without prejudice, as follows:

> [T]he Court hereby **GRANTS** Montoute's Motion as of November 10, 2017. But should Montoute not serve Psychcare within 90 days of that date, the Court will dismiss Montoute's claim without prejudice. *See* FED. R. CIV. P. 4(m); *Collins v. WAFB*. LLC, CV 16-15648, 2016 WL 7325147, at *3 (E.D. La. Dec. 16, 2016) (holding that that pro se parties "are held accountable for complying with the Federal Rules of Civil Procedure and Local Rules of Court, along with Court orders.")

Doc. 8. After careful consideration of the filings, record, and law, the Court is of the opinion that this case should be dismissed without prejudice for lack of service.

Although pro se litigants are held to less stringent standards than parties represented by counsel, "pro se litigants are still expected to brief the issues and reasonably comply with the requirements" of the Federal Rules of Civil Procedure. *Innovative Sports Mgmt., Inc. v. Martinez*, No. 4:15-CV-01460, 2017 WL 6508184, at *5 (S.D. Tex. Dec. 19, 2017) (citing *Bivins v. Mississippi Reg'l Hous. Auth. VIII*, 636 Fed. Appx. 237, 238 (5th Cir. 2016) (per curiam)

(unpublished) (citing *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995)); *see also E.E.O.C. v. Simbaki, Ltd*, 767 F.3d 475, 484 (5th Cir. 2014), as revised (Sept. 18, 2014) (holding that pro se parties to must abide by the rules governing the federal courts.).

The Federal Rules prescribe the process for the submission of claims to the district courts. A number of those rules are directly relevant to the present case. Rule 4 establishes the requirements for summons and service of process. FED. R. CIV. P. 4. Rule 4 provides that failure to timely effect proper service may result in dismissal: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m); *Collins v. WAFB. LLC*, CV 16-15648, 2016 WL 7325147, at *3 (E.D. La. Dec. 16, 2016) (holding that that pro se parties "are held accountable for complying with the Federal Rules of Civil Procedure and Local Rules of Court, along with Court orders" and citing FED. R. CIV. P. 41(b), *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (affirming dismissal of plaintiff's action for failure to prosecute after plaintiff's counsel failed to obey court orders); *Beard v. Experian Info. Sols. Inc.*, 214 Fed. Appx. 459, 462 (5th Cir. 1981) (affirming *sua sponte* dismissal of a pro se plaintiff's action for failure to prosecute)).

The Court finds that Montoute did not serve Psychcare within 90 days of the extension. Accordingly, it is hereby

**ORDERED** that this case is **DISMISSED** without prejudice. *See* FED. R. CIV. P. 4(m).

SIGNED at Houston, Texas, this 9th day of February, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE